IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Roberts, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 16-cv- ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) *(jury demand)* ) ) ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff James Roberts, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, and 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff James Roberts has been an inmate at the Cook County Jail since approximately September 10, 2014.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of

Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

    5.    Defendants Sheriff and Cook County have received federal funds since at least 2011.

    6.    Plaintiff Roberts is missing part of his leg and requires the use of a wheelchair and a prosthetic device to move from place to place. Plaintiff also suffers from significant hearing loss in his right ear.

    7.    During the intake process into the Jail, medical personnel recognized that plaintiff required a wheelchair and prosthetic device to engage in the everyday life activity of moving from place to place and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities.

    8.    Defendants provided plaintiff with a wheelchair and permitted him to keep a prosthetic leg, but failed to consistently assign plaintiff to a housing unit capable of accommodating his disabilities. Presently, plaintiff is assigned to Division 08, Tier 3E, Cell 5, a location that does not have any grab bar near the toilet to assist plaintiff, as a person with an obvious physical disability, toilet.

    9.    Several grievances have been filed by plaintiff complaining about the defendants' failure to assign him to a housing unit capable of accommodating his disability.

10. At all times on and after the date plaintiff entered the Jail, defendants knew that the Jail did not have sufficient capacity to accommodate each detainee who required assistive devices to move from place to place and provide that detainee to access to lavatories, beds, and facilities in the common areas of the housing units.

11. Notwithstanding the forgoing, defendants continued to accept into the Jail wheelchair using detainees, even when defendants knew that the result would be the denial of rights secured by the ADA and the Rehabilitation Act.

12. As a result of the foregoing, plaintiff has been unable to use the jail's lavatories and common area facilities on the same basis as other detainees. While being housed in these inaccessible living units plaintiff has fallen several times and suffered physical injuries, including chipped teeth.

13. In addition, prior to and after each court appearance at the Leighton Courthouse plaintiff was similarly denied access to toilet facilities because he routinely was held in a bullpen in the basement of Division 5 that was not ADA compliant. As a result, plaintiff soiled himself because he lacked access to an ADA bathroom.

14. To reach his designated courtroom, plaintiff must navigate up and down a steep ramp situated in the lower level of the Leighton Courthouse.

15. Since early 2014 defendants knew the ramp violated the current ADA architectural requirements and that for plaintiff to overcome the obvious barrier, defendants were required to assist him up and down the ramp.

16. Despite knowing this information, and for more than half of plaintiff's incarceration, defendants did not assist plaintiff maneuver up and down the ramp.

17. In addition to physical limitations with moving from place to place, plaintiff suffers from an obvious hearing impairment. This hearing impairment substantially interferes with plaintiff's ability to communicate with other individuals and leads others to think plaintiff is yelling when attempting to engage in normal conversation.

18. Several months after plaintiff's admission into the Cook County Jail plaintiff was evaluated by the medical staff at Stroger Hospital and was informed that a hearing aid was necessary to assist with overcoming the obvious hearing impairment.

19. Despite medical advice for plaintiff to be provided a hearing aid, defendants did not transport plaintiff to appropriate medical providers so that plaintiff could be fitted for a hearing aid.

20. As a result, plaintiff has been deprived an opportunity to hear on the same basis as abled bodied inmates and has been deprived of rights secured under the ADA.

21. Plaintiff has filed several grievances which have caused defendants Dart and Cook County to be on notice that plaintiff suffers from a hearing impairment and requires an aid to be able to hear and communicate like similarly situated abled body detainees. Despite knowing this information, defendants made a deliberate decision to deny plaintiff access to a hearing aid.

22. At all times relevant, defendants have turned a blind eye to the above described discrimination.

23. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court fashion appropriate prospective relief, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ <u>Patrick W. Morrissey</u>
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff*