**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| James Roberts, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 16-cv- |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | (jury demand) |
| County, and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT**

NOW COMES, the Defendants, Sheriff Thomas Dart and Cook County, Illinois ("Defendants"), by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through Andrea L. Huff, Assistant State's Attorney, and submits Defendants' Answer to Plaintiff's Complaint states as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, and 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

> **ANSWER:** Defendants admit that this action is brought under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a) and that jurisdiction of this Court is conferred by 28 U.S.C. §12133 and 29 U.S.C §794(a)(2) but deny taking any action in violation of Plaintiff's rights; that Plaintiff's Complaint has properly stated a cause of action or is otherwise entitled to relief that he seeks.

2. Plaintiff James Roberts has been an inmate at the Cook County Jail since approximately September 10, 2014.

1

**ANSWER:** Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

**ANSWER:** Defendants admit that Thomas Dart is the Sheriff of Cook County but denies liability in his official capacity.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

**ANSWER:** Defendants admit that Cook County is a necessary party to this action but lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants Sheriff and Cook County have received federal funds since at least 2011.

**ANSWER:** Defendants admit that the Office of the Sheriff of Cook County has received federal funds but denies receipt of federal funds designated for any programs or services alleged in Plaintiff's Complaint.

6. Plaintiff Roberts is missing part of his leg and requires the use of a wheelchair and a prosthetic device to move from place to place. Plaintiff also suffers from significant hearing loss in his right ear.

**ANSWER:** Defendants admit that Plaintiff uses a prosthetic device but lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. During the intake process into the Jail, medical personnel recognized that

2

plaintiff required a wheelchair and prosthetic device to engage in the everyday life activity of moving from place to place and that plaintiff must be assigned to a housing unit capable of accommodating his disabilities.

> **ANSWER:** Defendants admit that Plaintiff required the use of his prosthetic device and a wheelchair for long distance movement but deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendants provided plaintiff with a wheelchair and permitted him to keep a prosthetic leg, but failed to consistently assign plaintiff to a housing unit capable of accommodating his disabilities. Presently, plaintiff is assigned to Division 08, Tier 3E, Cell 5, a location that does not have any grab bar near the toilet to assist plaintiff, as a person with an obvious physical disability, toilet.

> **ANSWER:** Defendants admit that Plaintiff was assigned to Division VIII, Tier 3E, Cell 5 for a period of four days but deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9 . Several grievances have been filed by plaintiff complaining about the defendants' failure to assign him to a housing unit capable of accommodating his disability.

> **ANSWER:** Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. At all times on and after the date plaintiff entered the Jail, defendants knew that the Jail did not have sufficient capacity to accommodate each detainee who required assistive devices to move from place to place and provide that detainee to access to lavatories, beds, and facilities in the common areas of the housing units.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Notwithstanding the forgoing, defendants continued to accept into the Jail wheelchair using detainees, even when defendants knew that the result would be the denial of rights secured by the ADA and the Rehabilitation Act.

> **ANSWER:** Defendant's deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. As a result of the foregoing, plaintiff has been unable to use the jail's lavatories and common area facilities on the same basis as other detainees. While being housed in these inaccessible living units plaintiff has fallen several times and suffered physical injuries, including chipped teeth.

> **ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In addition, prior to and after each court appearance at the Leighton Courthouse plaintiff was similarly denied access to toilet facilities because he routinely was held in a bullpen in the basement of Division 5 that was not ADA compliant. As a result, plaintiff soiled himself because he lacked access to an ADA bathroom.

> **ANSWER:** Defendants deny that Plaintiff was denied access to toilet facilities at Leighten Courthouse and lack sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. To reach his designated courtroom, plaintiff must navigate up and down a steep ramp situated in the lower level of the Leighton Courthouse.

> **ANSWER:** Defendants admit the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Since early 2014 defendants knew the ramp violated the current ADA architectural requirements and that for plaintiff to overcome the obvious barrier, defendants

were required to assist him up and down the ramp.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Despite knowing this information, and for more than half of plaintiff's incarceration, defendants did not assist plaintiff maneuver up and down the ramp.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. In addition to physical limitations with moving from place to place, plaintiff suffers from an obvious hearing impairment. This hearing impairment substantially interferes with plaintiff's ability to communicate with other individuals and leads others to think plaintiff is yelling when attempting to engage in normal conversation.

> **ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Several months after plaintiff's admission into the Cook County Jail plaintiff was evaluated by the medical staff at Stroger Hospital and was informed that a hearing aid was necessary to assist with overcoming the obvious hearing impairment.

> **ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Despite medical advice for plaintiff to be provided a hearing aid, defendants did not transport plaintiff to appropriate medical providers so that plaintiff could be fitted for a hearing aid.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. As a result, plaintiff has been deprived an opportunity to hear on the same basis as abled bodied inmates and has been deprived of rights secured under the ADA.

**ANSWER:** Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Plaintiff has filed several grievances which have caused defendants Dart and Cook County to be on notice that plaintiff suffers from a hearing impairment and requires an aid to be able to hear and communicate like similarly situated abled body detainees. Despite knowing this information, defendants made a deliberate decision to deny plaintiff access to a hearing aid.

**ANSWER:** Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. At all times relevant, defendants have turned a blind eye to the above described discrimination.

**ANSWER:** Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

NOW COME Defendants, THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through one of her assistants, Andrea L. Huff, Assistant State's Attorney and asserts the following affirmative defenses:

1. Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

2. Plaintiff is barred by collateral estoppel from pursuing certain claims, as they are currently pending before another court in this district.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendants hereby demand a jury trial.

WHEREFORE, based on the foregoing the Defendants deny that Plaintiff is entitled to judgment in any amount whatsoever, and requests judgment in their favor and against Plaintiff, plus costs, and any additional relief this Court deems reasonable and just.

        Respectfully Submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:    /s/*Andrea L. Huff*
        Andrea L. Huff
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-3473
        andrea.huff@cookcountyil.gov

### CERTIFICATE OF SERVICE

I, Andrea L. Huff, Assistant State's Attorney, depose and state that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), I served this Notice, together with the documents herein referred, electronically via the ECF-CM system to the attorneys of record on July 14, 2016.

        /s/ *Andrea L. Huff*
        Andrea L. Huff