IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| James Roberts, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | 16-cv-5560 |
| -*vs*- | ) | |
| | ) | Judge Lee |
| Thomas Dart, Sheriff of Cook County, | ) | |
| and Cook County, Illinois, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff James Roberts moved for summary judgment on two claims arising under the Americans with Disabilities Act (ADA) and Rehabilitation Act.

The first issue concerns defendants' decision to assign plaintiff to various cells in the Jail's Residential Treatment Unit (the "RTU") that did not satisfy the ADA's Structural Standards for a toilet. Defendants do not challenge plaintiff's contention that for 243 days he was assigned to various non-ADA compliant cells in the RTU. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 27. None of these cells had grab bars near the cell toilet; only cell 10 on tiers 4A, 3A, and 3E have grab bars near the toilet. ECF No. 30, Defendants' Statement of Additional Facts ¶¶ 14-17.

Defendants argue summary judgment on liability is not appropriate because: (1) there is a dispute of material fact whether plaintiff was denied meaningful access to a toilet in non-ADA compliant cells, and (2) plaintiff is unable to demonstrate defendants were deliberately indifferent to his rights under the ADA. ECF No. 31, Defendants' Memorandum at 9-13. Plaintiff responds to these arguments below.

On the second claim, toilet access and movement up and down a steep ramp during court appearances, plaintiff agrees to withdraw his motion for summary judgment on this claim.

### I. There Is No Dispute Plaintiff Is A Qualified Person With A Disability and Requires Grab Bars to Toilet

Defendants agree that plaintiff, who is missing part of his right leg, is a qualified person with a disability covered by Title II of the Americans with Disabilities Act. ECF No. 31, Defendants' Memorandum at 9; 42 U.S.C. § 12132. Nor is it disputed that plaintiff Roberts requires grab bars near the toilet to transfer and prevent falls. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 38.

As early as November 5, 2014, the parties agree Roberts notified the Jail on a Cook County Inmate Grievance Form that he was not assigned to a cell with rails and that correctional officers do not respond to his requests to exit his cell to use the dayroom ADA toilet. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶¶ 29-32. Notwithstanding various grievances, the parties agree Roberts was assigned to non-ADA compliant cells on the following dates:

|   | Start | End | Days | Tier | Cell |
|---|-------|-----|------|------|------|
| 1 | 10/31/2014 | 11/18/2014 | 18 | 3E | 6 |
| 2 | 12/7/2014 | 2/12/2015 | 67 | 3A | 1 |
| 3 | 2/12/2015 | 3/14/2015 | 30 | 3A | 7 |
| 4 | 3/15/2015 | 3/18/2015 | 3 | 3A | 6 |
| 5 | 12/16/2015 | 4/7/2016 | 113 | 3E | 6 |

| | | | | | |
|---|---|---|---|---|---|
| 6 | 4/7/2016 | 4/15/2016 | 8 | 3A | 6 |
| 7 | 5/22/2016 | 5/26/2016 | 4 | 3E | 5 |

ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 27.

## II. There Is No Dispute Plaintiff Was Denied Toilet Access

Title II requires a public entity, including a correctional facility, to "take reasonable measures to remove architectural and other barriers to accessibility." *Tennessee v. Lane*, 541 U.S. 509, 531 (2004) (citing 42 U.S.C. § 12131(2)). A reasonable measure includes designing a building in "such a manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.151(a)(1). A building is "readily accessible" if it complies with the ADA and Rehabilitation Act accessibility guidelines, compliance with which is required by applicable regulations. *Lane*, 541 U.S. at 532. When physical construction or alterations begin "on or after March 15, 2012, then new construction and alterations [] shall comply with the 2010 Standards." 28 C.F.R. § 35.151(c)(2).

Analysis under the Rehabilitation Act is the same as the ADA, except that the Rehabilitation Act requires receipt of federal funding. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). While defendants evasively respond to plaintiff's contention each received financial assistance since at least 2011, ecf no. 29, defendants' response to plaintiff's local rule 56 statement ¶¶ 6-7, several district courts are in accord. *Flora v. Dart*, No. 15 C 1127, 2017 WL

2152392, at *3; *Clemons v. Dart*, 168 F.Supp.3d 1060, 1065 (N.D. Ill. 2016). Accordingly, there should be no dispute about the applicability of the Rehabilitation Act.

Here, there is no dispute that the RTU was required to comply with the 2010 ADA Standards for Accessible Design because it opened in 2013. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 22; *Flora v. Dart*, No. 15 C 1127, 2017 WL 2152392, at *4. The 2010 Standards require that "[g]rab bars shall be provided on the side wall closest to the water closet and on the rear wall" of an accessible toilet." 2010 Standards, § 604.5.

It is beyond dispute that using the Jail's toilets is a program or activity. *Flora*, 2017 WL 2152392, at *2-6. And while detained at the Jail, plaintiff Roberts required grab bars near the toilet to transfer and prevent falls. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 38. That defendants did not provide Roberts for 243 days while detained in the RTU. Defendants also agree Roberts was injured transferring to the non-ADA compliant toilet in cell 6 on tier 3E because there were no grab bars to assist plaintiff transfer. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 39.

Defendants argue there is a genuine dispute whether plaintiff required a wheelchair while detained at the Jail. ECF No. 31, Defendants' Memorandum at 9. But this argument misses the mark because a "disability includes the limitation of one or more major life activities, which include walking, standing, bending, and caring for oneself." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012); 42 U.S.C. § 12102(2)(A). And because plaintiff is missing part of his right leg, defendants even

acknowledge that Roberts is a qualified person with disability and required grab bars to safely toilet. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 2; ECF No. 31, Defendants' Memorandum at 9.

Defendants also suggest there is a genuine issue of material fact whether plaintiff was denied access to toilet due to a policy of permitting him to leave his cell to use the RTU dayroom's ADA compliant toilet (the dayroom policy). ECF No. 31, Defendants' Memorandum at 10-11. Defendants suggest this policy allowed for plaintiff Roberts to have equivalent access to a toilet despite agreeing that "[f]requently, Roberts was not granted permission to leave his cell to use the accessible toilet by the correctional staff." ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 43.

In *Flora*, the district judge held this dayroom policy "alone or in combination, did not give [a plaintiff] equal or greater access to the Jail's programs and services as compared with an ADA-compliant room." *Flora*, 2017 WL 2152392, at *5. The *Flora* court reasoned:

> The Sheriff's 24/7 access, shower chair, and dayroom policies do not provide a disabled inmate with equivalent access to the Jail's toilets and showers, i.e., the same degree of independence that a structural accommodation would provide. ADA standards required the Jail to provide Flora with a toilet with grab bars and a mounted shower seat. *See* 1991 Standards § 4.21.3; 2010 Standards, § 604.5. One may fairly infer that the purpose is to provide an inmate with a disability, like one without a disability, access to a toilet and shower that he is able to use independently. *C.f. Kohler v. Flava Enters., Inc.,* 779 F.3d 1016, 1019-20 (9th Cir. 2015) (bench in clothing retailer's dressing room that did not comply with the ADA standards' size requirement provided equivalent access because it nonetheless permitted wheelchair-bound person to complete a parallel transfer on his own). By contract, the Sheriff's policies, as applied to Flora, required him to get assistance from a nurse or an officer in order to use the bathroom or shower and thus rendered him completely dependent on others to perform these necessary activities. No reasonable fact finder could determine this constituted equivalent access. *See Pierce v. Cty. Of Orange*, 526 F.3d 1190, 1219-20 (9th Cir. 2008) (district court erred in

> finding that a jail did not violate the ADA where wheelchair using plaintiffs presented evidence that they had to rely on fellow inmates to use the jail's showers).

*Flora*, 2017 WL 2152392, at *6.

Here, Roberts alerted the Jail of his need for grab bars to safely transfer to the cell toilet in a November 5, 2014 grievance. This grievance specifically mentions how the "dayroom policy" did not work because "I ring the button for over an hour no respond to my ring the button." ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 29. Defendants even agree that Roberts fell because he was compelled to use the non-ADA compliant cell toilet. *Id.* at ¶ 40. There can be no dispute defendants' dayroom policy did not give Roberts equal or greater access to the Jail's programs and services as compared with an ADA-compliant room. No reasonable finder of fact could find otherwise.

### III.  Defendants Were Deliberately Indifferent To Plaintiff

Defendants make a terse argument that plaintiff is unable to demonstrate deliberate indifference. ECF No. 31, Defendants' Memorandum at 12-13. In support of this argument, defendants suggest "[t]here is a genuine issue of fact for the jury whether Defendants viewing Plaintiff walking and dancing was a reasonable reason for not always placing him in an ADA compliant cell and therefore was deliberate indifference." *Id.* at 13. This argument ignores the undisputed fact the defendants were aware since November 2014 that Roberts requires grab bars to safely toilet.

"[U]nlike in a case under 42 U.S.C. § 1983, the ADA and RA provide for vicarious liability." *Flora*, 2017 WL 2152392, at *6 (citing collection of cases). Deliberate indifference is established "where an official realizes that a substantial risk of serious harm

exists to a prisoner exists, but disregards it." *Perez* v. *Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). In the context of ADA cases, a public official acts with deliberate indifference when he has "knowledge that a harm to a federally protected right is substantially likely" and he fails to "act upon that likelihood." *Clemons v. Dart*, 168 F. Supp. 3d 1060, 1070 (N.D. Ill. 2016) (citing *Duvall*, 260 F.3d 1139).

Defendants were on notice of Roberts' need for an accommodation at several different points in time during his detention. First, defendants were on notice of Roberts' need for an accessible toilet when he was booked into the jail. Second, defendants were aware that Roberts' rights were being violated when, despite requiring assistive devices to move from place to place, he was repeatedly assigned to rooms that quite obviously lacked grab bars by the toilet. Third, defendants were also put on notice that its RTU dayroom policy was not providing Roberts with equivalent access to the Jail's toilets when he submitted grievances on this point. In his grievance dated November 5, 2014 when assigned to a non-ADA compliant cell, Roberts said "The officer (I could not get his name was out of the unit or tear) for over an hour I need to go to the bathroom. I ring the button for over an hour and no respond to my ring the button. No officer I bang on the door to go to bathroom, but I could not use the toilet in cell 6." ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 29. Similar factors were reviewed by the district judge in *Flora* to hold the Sheriff and County deliberately indifferent. *Flora*, 2017 WL 2152392, at *6.

And similar to the district judge's review of the evidence in *Flora,* Roberts presents similar additional evidence of the Sheriff's knowledge of ADA accessibility violations at the Jail. By at least May of 2014, the Sheriff was aware grab bars were necessary

to make a toilet accessible under the ADA, ecf no. 27, plaintiff's local rule 56 statement ¶ 17, the Sheriff never discussed ADA compliance at periodic meetings with management at the Jail, *id.* at ¶ 20, and Assistant Executive Director Daniel Moreci knew that in May 2012 the Justice Department issued a letter to the Sheriff that disabled people were not being housed in cells that accommodated their disability.[1] *Id.* at ¶ 21.

Finally, as the *Flora* court recognized, the Sheriff's dayroom policy is "also evidence of its knowledge that inmates with disabilities were not being provided access to ADA-compliant rooms" because "the dayroom policy permitted wheelchair using detain-

---

[1] In response to plaintiff's motion, defendants argue using this evidence is "improper in that they are either based on deposition testimony of non-disclosed witnesses or are not supported by the cited record." ECF No. 31, Defendants' Memorandum at 7. But there is no dispute that in response to defendant Cook County's first set of interrogatories plaintiff identified that he may rely on the summary judgment record in *Flora v. Dart*, 15 C 1127. ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 57. Additionally, in *Alexander v. Casino Queen, Inc.,* 739 F.3d 972 (7th Cir. 2014), the Seventh Circuit explained that a deposition from one case may be used in another case at the summary judgment stage:

> [I]n a proper case, depositions from one case may be used at the summary judgment stage of another, even if Rule 32(a)(8)'s requirements are not met. Two conditions must be met for a case to be proper. First, the depositions must satisfy [Federal Rule of Civil Procedure] 56's requirements for an affidavit or declaration – i.e., the testimony is based on personal knowledge and sets out facts that would be admissible at trial, and the deponent is competent to testify on these matters. Fed.R.Civ.P. 56(c)(4). Second, the depositions from the other case must be made part of "the record" in the present case, because Rule 56 states that a party must cite to "materials *in the record*." Fed.R.Civ.P. 56(c)(1)(A) (emphasis added). To satisfy the second requirement, the plaintiffs here need to create a docket entry, with attachments, to ensure that the relevant . . . materials were part of the record in the plaintiffs' case. The plaintiffs did not take this action – they never filed the . . . depositions as part of the record in this case.

*Id.* at 978. Defendants do not and could not suggest that Matthew Burke, Michael Gumm, Daniel Moreci, or Sabrina Rivero-Canchola lacked foundation for their testimony or that their testimony would be inadmissible, and unlike plaintiffs in *Alexander*, plaintiff has filed sworn testimony as part of the record in this case. The Court therefore may consider those depositions here on summary judgment and the Court should overrule this objection in response paragraphs 4-7, 9-11, 15, 17-28, 33, 36, 39, 41-42. 46-47, 49-50, and 57 of plaintiff's Local Rule 56 Statement. *Shultz v. Dart*, 13 C 3641, 2016 WL 212930, *4-5 (Jan. 19, 2016) (Feinerman, J.) (same).

ees in the RTU to leave their cells to use the ADA-compliant bathroom in the RTU's dayroom." *Flora*, 2017 WL 2152392, at *7. Without doubt, the Sheriff applied the dayroom policy to Roberts because the Sheriff's ADA Coordinator responded to a grievance reminding plaintiff that "the bathroom in the dayroom has rails." ECF No. 29, Defendants' Response to Plaintiff's Local Rule 56 Statement ¶ 31.

Despite knowledge that Roberts' rights were being violated, defendants continually failed to address the violations. Roberts was denied access to an ADA compliant toilet for 243 days in the RTU. As another judge aptly put it, "[t]he Sheriff's offer of non-equivalent 'accommodations' does not suggest anything other than deliberate indifference." *Flora*, 2017 WL 2152392, at *7. Accordingly, the Court should find that no reasonable jury could find that defendants acted with anything other than deliberate indifference.

## IV. Conclusion

For the reasons above stated, and those previously advanced, the Court should enter partial summary judgment on liability in favor of plaintiff on the claim regarding toilet access in the RTU.

Respectfully submitted,

/s/ <u>Patrick W. Morrissey</u>
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, IL 60643
(773)233-7900

*an attorney for plaintiff*