# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 5560 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| THOMAS DART, | ) | |
| Sheriff of Cook County, | ) | |
| and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Roberts has been incarcerated in the Residential Treatment Unit at Cook County Jail since 2014. Roberts has difficulty walking and using toilets without grab bars because of a leg amputation in 2013. During his incarceration, Defendants Sheriff Thomas Dart and Cook County have sometimes housed Roberts in a cell lacking a toilet with grab bars. Roberts has sued Defendants based on these events, and he now brings a motion for partial summary judgment on his claim that this conduct violated the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a). For the reasons stated herein, Roberts' motion is granted as to Roberts' ADA and Rehabilitation Act claims related to toilet access at Cook County Jail.

## Exclusion of Certain Evidence

As an initial matter, Defendants seek to exclude certain of Roberts' statements of fact and the exhibits upon which they rely.[1] According to Defendants, the exhibits are deposition testimony from another case, and the testimony was given by witnesses who were not disclosed in this case pursuant to Rule 26(a). Defs.' Mem. Resp. at 6–9, ECF No. 31; Fed. R. Civ. P. 26(a). Defendants contend that this failure to disclose the witnesses was not substantially justified or harmless and should lead to exclusion of the deposition evidence under Rule 37(c)(1). Defs.' Mem. Resp. at 8–9. In response, Roberts does not dispute that he failed to disclose these witnesses but suggests either that such disclosure was not required, or that any failure to disclose was harmless. Pl.'s Reply at 8, ECF No. 35. However, because—as will be seen below—none of the statements of fact at issue is material to resolution of Roberts' motion for summary judgment, the Court does not reach the issue at this time.

Additionally, Defendants contend in a footnote that the Court should disregard a number of Roberts' statements of fact because they are unsupported by the record. Defs.' Mem. Resp. at 7 n. 3. To the extent Defendants have provided a

---

[1] Defendants seek to exclude statements 9, 17–26, 42, and 46–49. Defs.' Mem. Resp. at 9. Elsewhere, in their brief, Defendants at times include exhibits 27, 28, and 57 in their proposed list of exhibits to exclude. *Id*. at 7. However, statements 28 and 57 do not cite to deposition testimony and, in their response to Roberts' Rule 56.1(a) statement, Defendants do not note any factual dispute or objection to these statements. Defs.' Resp. Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 28, 57, ECF No. 29. Accordingly, statements 28 and 57 are deemed admitted.

Additionally, statement of fact 27 cites to a deposition of an undisclosed witness, but it also cites to two other exhibits that independently support the statement. Pl.'s LR 56.1(a)(3) Stmt. ¶ 27. Accordingly, statement 27 is admissible and deemed admitted.

2

basis for this argument in their response to Roberts' Rule 56.1(a)(3) statement, *see Friend v. Valley View Cmty. Unit Sch. Dist. 365U*, 789 F.3d 707, 710 (7th Cir. 2015), the Court has duly considered it.

## **Factual Background**[2]

Roberts has been in the custody of Defendants Dart and Cook County since September 10, 2014. Pl.'s LR 56.1(a)(3) Stmt. ¶ 1, ECF No. 27. His right leg was amputated below the knee in 2013.[3] *Id.* ¶ 2. Prior to entering Cook County Jail, Roberts relied on a prosthetic limb, walker, and motorized wheelchair to move around. *Id.* ¶ 3. He entered the jail wearing a prosthetic leg and using a walker, and he was given a walker when first incarcerated. Defs.' LR 56.1(b)(3) Stmt. ¶ 2, ECF No. 30. Roberts requires toilets that have "grab bars" in order to use the toilets without falling. *Id.* ¶ 38.

At all relevant times, Roberts was housed in the jail's Residential Treatment Unit (RTU) building. *Id.* ¶¶ 27, 28. Some, but not all, of its cells complied with ADA design standards promulgated in 2010. *Id.*; Defs.' LR 56.1(b)(3) Stmt. ¶ 9. The cells that did not comply with the ADA had toilets but lacked, among other

---

[2] The following facts are undisputed except where noted. Any properly supported fact that a party disputes without "providing specific references to the affidavits, parts of the record, and other supporting materials relied upon," *see* LR 56.1(b)(3)(B), is deemed admitted. *See Friend*, 789 F.3d at 710.

[3] In response to a number of Roberts' statements of fact that rely on Roberts' deposition testimony, Defendants have responded by stating only that they do not dispute that the asserted facts are what Roberts "testified to." *See* Defs.' Resp. Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 2, 3, 38, 40, 43. Such responses do not contest the admissibility of the testimony. *See Friend,* 789 F.3d at 710; *see also, e.g., Ace Hardware Corp. v. Landen Hardware, LLC*, 883 F. Supp. 2d 739, 742–43 (N.D. Ill. 2012) (stating that responses that neither admit nor deny the movant's facts "are deemed admitted to the extent they are supported by the record").

3

things, grab bars. *Id.* ¶¶ 27, 31, 32. During the relevant time period, Roberts was assigned to an ADA-compliant room for 364 days, *id.* ¶ 28, and a non-compliant room without the necessary grab bars for 243 days, *id.* ¶ 27.

When he was in a non-compliant room, Roberts had to request that a correctional officer, who was assigned to his cell block, let him out of his cell to use the bathroom. Defs.' LR 56.1(b)(3) Stmt. ¶¶ 15, 16; *see also* Pl.'s LR 56.1(a)(3) Stmt. ¶ 31. Roberts did so by ringing a buzzer in his cell. He would then be escorted to the toilet located in the cell-block's common area, which had grab bars. Defs.' LR 56.1(b)(3) Stmt. ¶¶ 14, 15, 16; Pl.'s LR 56.1(a)(3) Stmt. ¶ 31. There were numerous occasions, however, when Roberts would ring the buzzer to go to the bathroom, but was not allowed to do so. Pl.'s LR 56.1(a)(3) Stmt. ¶ 43.

As a result, Roberts filed a grievance on November 5, 2014, stating that he could not get the attention of a correctional officer for over an hour when he needed to go to the bathroom and that he could not use the toilet in his room because there were no grab bars. *Id.* ¶ 29. He requested a room with grab bars "in the right place," to accommodate this deficiency. *Id.* The next day, he filed another grievance, again explaining that he had only one leg and could not use the toilet in his cell because it lacked grab bars. *Id.* ¶ 30. The jail's ADA Coordinator responded: "As a reminder, the bathroom in the dayroom has rails." *Id.* ¶ 31.

Roberts filed a similar grievance again on November 15, 2014, and, in response, he was relocated to a cell with grab bars. *Id.* ¶ 32. However, he was later

4

returned, for several periods of varying duration, to cells lacking grab bars. *Id.* ¶ 27.

Roberts fell at least twice when trying to use toilets in cells lacking grab bars, *id.* ¶¶ 40, 41, and, on at least one occasion, he received medical assistance from correctional and medical staff as result, *id.* ¶ 41. [4]

## **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012). In reviewing a motion for summary judgment, the Court gives the nonmovant "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013).

---

[4]  Defendants dispute that Roberts suffered a chipped tooth when he fell while assigned to cell 7 on tier 3A, but they do not dispute that he fell and that he received medical assistance from staff. Defs.' Resp. Pl.'s LR 56.1(a)(3) Stmt. ¶ 41.

## Analysis

Roberts moves for summary judgment on his ADA and Rehabilitation Act claims related to toilet access at Cook County Jail.[5] For the reasons stated herein, Roberts' motion is granted.

### I. Plaintiff's ADA Claim

To establish an ADA claim, Roberts must prove that: (1) he is a qualified person, (2) with a disability, and (3) Defendants deny him the benefits of a service, activity or program[6] by reason of his disability. *See Steimel v. Wernert,* 823 F.3d 902, 909 (7th Cir. 2016) (quoting 42 U.S.C. § 12132). To be considered disabled under the ADA, the plaintiff must show that he is unable or significantly restricted in his ability to perform major life activities, at home and/or at work. *See Ames v. Home Depot, U.S.A., Inc.*, 629 F.3d 665, 670–71 (7th Cir. 2011).

The ADA "provides for damages if a public official intentionally discriminates because of disability." *Morris v. Kingston*, 368 Fed. Appx. 686, 689 (7th Cir. 2010) (citing *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross,* 486 F.3d 267, 278 (7th Cir. 2007)). Although the Seventh Circuit has not decided whether discriminatory animus or deliberate indifference is required to show intentional discrimination under the ADA, the parties agree that deliberate indifference is the appropriate

---

[5] Roberts also moved for summary judgment with regard to accessibility issues at the Leighton Courthouse, but he withdrew this motion in his reply brief. Pl.'s Reply at 2.

[6] Although the ADA does not define "services, programs, or activities," the Seventh Circuit has interpreted the terms broadly, noting that "title II applies to anything a public entity does." *Oconomowoc Residential Programs, Inc. v. City of Milwaukee*, 300 F.3d 775, 782 (quoting 28 C.F.R. pt. 35, app. A); *see Bryant v. Dart*, No. 13 C 3608, 2013 WL 5818810, at *3 (N.D. Ill. Oct. 29, 2013) (citing *id.*).

6

standard here. *See Flora v. Dart*, No. 15 C 1127, 2017 WL 2152392, at *3 (N.D. Ill. May 27, 2017) (observing that this issue is unresolved and applying the deliberate indifference standard where the parties agreed it applied) (citing *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 n.4 (7th Cir. 2014)); *Clemons v. Dart*, 168 F. Supp. 3d 1060, 1066–69 (N.D. Ill. 2016) (same); *Crockwell v. Dart*, No. 15 CV 825, 2017 WL 4493456, at *4 n. 10 (N.D. Ill. Aug. 26, 2016) (same). "A prisoner's request for relief that falls on 'deaf ears' may evidence deliberate indifference." *Flora*, 2017 WL 2152392, at *3 (citing *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015)).

### A.  Qualified Individual with a Disability

Defendants concede that Roberts is a qualified individual with a disability as defined by the ADA. Defs.' Mem. Resp. at 9. Accordingly, there is no dispute that Roberts has established this element of his ADA claim. *See Steimel*, 823 F.3d at 909.

### B.  Denial of Benefits on an Equal Basis

Roberts contends that he was denied the ability to use a toilet on an equal basis as non-disabled incarcerated persons when Defendants housed him in a cell lacking toilet grab bars. In response, Defendants assert that their policy of letting Roberts out to use the dayroom bathroom provided sufficiently equivalent access. Defs.' Mem. Resp. at 10. And to the extent this was insufficient, Defendants suggest that Roberts did not really need grab bars because he was often able to walk without a wheelchair and even sometimes danced without a wheelchair. Defs.'

7

Mem. Resp. at 9–11. Defendants concede that provision of toilet usage is a "service, activity, or program" of the jail. 42 U.S.C. § 12132.

Addressing the latter argument first, whatever the extent of Roberts' reliance upon his wheelchair for daily movement or his ability to walk on a prosthetic leg or even "praise dance" when he is upright, *see* Defs.' LR 56.1(b)(3) Stmt. ¶¶ 26, 27, it is undisputed that Roberts requires grab bars to position his body and avoid falling when using a toilet, *see* Pl.'s LR 56.1(a)(3) Stmt. ¶ 38. Moreover, Defendants have offered no evidence to indicate that Roberts can sit down and stand up by himself without the aid of a wheelchair or other device.

Defendants also contend that the availability of the dayroom-toilet sufficiently accommodated Roberts' disability. But it is undisputed that Defendants frequently failed to allow Roberts to leave his cell to use the dayroom facility. *Id.* at ¶¶ 29, 30, 43. What is more, even if Defendants had consistently provided Roberts with access to the dayroom-toilet, requiring him to first obtain the permission of the correctional officers to do so "rendered him completely dependent on others" to be able to use a toilet. *See Flora*, 2017 WL 2152392, at *5; *Clemons*, 168 F. Supp. 3d at 1066–69 ("[T]he availability of staff assistance upon request does not constitute equivalent access under the applicable regulations."). The Court agrees with the well-reasoned holdings in *Flora* and *Clemons* and concludes that "[n]o reasonable fact finder could determine this constituted equivalent access." *Flora*, 2017 WL 2152392, at *5; *see Clemons*, 168 F. Supp. 3d at 1069. Accordingly, there is no

genuine dispute of material fact that Defendants denied access to a toilet to Roberts on a basis equal to non-disabled persons.

C.      **Deliberate Indifference**

To establish deliberate indifference on the part of Defendants, Roberts must establish that Defendants were aware of a substantial risk of serious harm to Roberts and yet disregarded it. *Perez v. Fonoglio*, 792 F.3d 768, 781 (7th Cir. 2011) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "In the context of ADA cases, a public official acts with deliberate indifference when he has knowledge that a harm to a federally protected right is substantially likely and he fails to act upon that likelihood." *Flora*, No. 2017 WL 2152392, at *6 (quoting *Clemons*, 168 F. Supp. at 1070) (internal quotations omitted).

According to Roberts, Defendants engaged in the conduct described above despite being made aware of the risk of serious harm: 1) when he entered the jail with a prosthetic limb and a walker, and Defendants subsequently provided him with a walker; 2) when he was repeatedly assigned to ADA non-compliant rooms that lacked grab bars; and 3) when he submitted grievances specifically noting his inability to use the toilets without grab bars, complaining of Defendants' delays in letting him go to the dayroom toilet, and requesting a room with grab bars. Pl.'s Mem. Supp. at 7; Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 29, 30, 31, 32, 43; Defs.' LR 56.1(b)(3) Stmt. ¶ 2.

Defendants concede that they were aware of all these facts but contend that they sometimes saw Roberts walking and dancing, and they therefore had reason to

9

believe that ADA non-compliance would not be harmful to Roberts. Defs.' Mem. Resp. at 13. But, as noted above, nothing in the record indicates that Roberts' ability to support himself while standing on his prosthetic leg has any bearing on his ability to sit and stand up without the need of assistance. Indeed, the undisputed fact is that he cannot use a toilet without grab handles or other means of support. Accordingly, the undisputed evidence demonstrates that Defendants were made aware, in multiple ways and on multiple occasions, that Roberts was at risk of harm from the lack of grab bars, yet they often failed to place him a cell with toilet grab bars and also frequently violated their own (inadequate) dayroom-toilet accommodation policy. No reasonable fact finder could determine that this constituted anything other than deliberate indifference. *See Flora*, 2017 WL 2152392, at *6–7 (finding no genuine dispute that Sheriff Dart and Cook County were deliberately indifferent, on similar facts); *Clemons*, 168 F. Supp. 3d 1060, 1069–72 (same).

Having established each of the elements of his ADA claim, Roberts' motion for summary judgment as to his ADA claim is granted.

## II. Rehabilitation Act

To establish a Rehabilitation Act claim, Roberts must prove all the elements of an ADA claim and that Defendants received federal funds. *See Jaros v. Ill. Dep't of Corrections*, 684 F.3d 667, 671–72 (7th Cir. 2012). Defendants admit that the Office of the Sheriff of Cook County has received federal funds, Defs.' Resp. Pl.'s LR 56.1(a)(3) Stmt. ¶ 7, and that some of Cook County's departments have received

10

federal funds since at least 2011,[7] *id*. ¶ 6.  Additionally, they fail to respond in their brief to Roberts' contention that Defendants received federal assistance during the relevant time period.  Pl.'s Mem. Supp. at 6; *see, e.g., De v. City of Chi.*, 912 F. Supp. 2d 709, 733–34 (N.D. Ill. 2012) (stating that failure to respond to an argument concedes the argument).  Accordingly, Roberts' motion for summary judgment as to his claim under the Rehabilitation Act also is granted.

### Conclusion

For the reasons stated herein, Roberts' motion for partial summary judgment [26] is granted as to his claims under the ADA and Rehabilitation Act related to toilet access at Cook County Jail.  A status hearing is set for April 6, 2018, at 9:00 a.m.

**IT IS SO ORDERED.**               **ENTERED    3/7/18**

_____
**John Z. Lee
United States District Judge**

---

[7] Defendants purported to dispute these facts on the basis that Roberts had failed to properly cite to the record.  Defs.' Resp. Pl.'s LR 56.1(a)(3) Stmt. ¶¶ 6, 7.  However, Defendants then volunteered the facts stated above. *Id*.  Therefore, the facts are deemed admitted on the basis of Defendants' statements.

11